IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC USA, INC. | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 14 – 2251 |
| | § | ADMIRALTY |
| MEDITERRANEAN SHIPPING CO. S.A. | § | |
| | § | |

*ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Atlantic USA, Inc. files this Original Complaint against Defendant Mediterranean Shipping Co. S.A., *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a New York corporation with its principal place of business in New York, New York.

3. At all times material, Defendant managed, chartered and/or operated the M/V RIO EIDER and M/V MSC ELA as a common carrier of goods by water for hire between various ports, including the Ports of Buenaventura, Colombia, Balboa, Panama,

Charleston, South Carolina and Houston.  Defendant is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Defendant has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Defendant with a summons is effective to establish personal jurisdiction over it.  Defendant can be served by serving the Texas Secretary of State.  Process or notice can be sent to Defendant at its home office located at 12–14, Chemin–Rieu, 1208 Geneva, Switzerland.

    4.    On or about July 22, 2013, Plaintiff's shipper tendered in good order and condition to Defendant at Buenaventura a containerized cargo of coffee beans.  Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at

Charleston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Defendant acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading, including Bill of Lading No. MSCUBU571333, free of exceptions or other notations for damage, and loaded the cargo aboard the M/V RIO EIDER.

5.     Thereafter, on or about July 24, 2013, the M/V RIO EIDER arrived at Balboa, Panama where Defendant transshipped the cargo to the M/V MSC ELA.

6.     Thereafter, on or about August 13, 2013, the M/V MSC ELA arrived at Charleston where Defendant discharged and later delivered the cargo, not in the same good order and condition as when received but, on the contrary, part of the cargo was wet, stained, moldy, contaminated, torn, short, slack, loose, spilled, ripped, missing, never delivered and otherwise physically damaged or lost.  The damages and loss proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V RIO EIDER and M/V MSC ELA.

7.     Plaintiff proximately has sustained damages exceeding $8,812.44 plus interest dating from July 22, 2013, demand for which has been made upon Defendant but which it refuses to pay.

8.     At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s),

3

that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Atlantic USA, Inc. prays that this Honorable Court adjudge that Defendant Mediterranean Shipping Co. S.A. is liable to the Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

                              Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By  /s/ Robert C. Oliver
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:     (713) 864–2221
Facsimile:     (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF